IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DELARICK EVANS,

                Petitioner,

    v.                                        CASE NO. 12-3103-SAC

DAVID R. MCKUNE, et al.,

                Respondents.

## O R D E R

This matter comes before the court on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, filed pro se by a prisoner incarcerated in a Kansas correctional facility. Also before the court is petitioner's motion for leave to proceed in forma pauperis, 28 U.S.C. § 1915, in this habeas corpus action.

Petitioner challenges his conviction in Wyandotte County District Court on a 2004 charge of battery of a law enforcement officer. See *State v. Evans*, Case No. 04-CR-795. In October 2008 the Kansas Court of Appeals affirmed petitioner's conviction in that case, rejecting petitioner's claim that the sheriff deputy victims were not "law enforcement officers" for purposes of a level 5 person felony under K.S.A. 21-3413(a)(5). Petitioner filed no petition for further review by the Kansas Supreme Court.

Petitioner then sought post-conviction relief under K.S.A. 60-1507 in the state sentencing court. The district court summarily dismissed that post-conviction motion. The Kansas Court of Appeals affirmed, finding no exceptional circumstances warranted appellate

review on issues not raised in petitioner's direct appeal, and in the alternative, finding the appeal would fail on its merits. Again, petitioner did not file a petition for review by the Kansas Supreme Court.

An application for a writ of habeas corpus under § 2254 may not be granted unless it appears the applicant has either exhausted state court remedies, or demonstrated that such remedies are unavailable or ineffective under the circumstances. 28 U.S.C. § 2254(b)(1). This exhaustion requirement is designed to give the state courts a full and fair opportunity to resolve any federal constitutional claim before such a claim is presented to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). One complete round of the procedure established by the state for review of alleged constitutional error is required. *Id*. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007)(*citing Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006)).

In the present case, petitioner failed to seek the Kansas Supreme Court's review of his allegations of error in his conviction in the 2004 Wyandotte County case. This constitutes a procedural default in petitioner's presentation of his claims to the state courts. Accordingly, federal habeas review is barred unless he can show both cause to excuse his default and actual prejudice,[1] or show that this

---

[1] Generally, the existence of cause for a procedural default depends on whether a petitioner is able to show some objective external factor that impeded his efforts to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). The prejudice prong requires the petitioner to show that he has suffered actual and substantial disadvantage as a result of the default. *United States v. Frady*, 456 U.S. 152, 170 (1982).

court's failure to consider his claims will result in a fundamental miscarriage of justice.[2]  *Coleman v. Thompson*, 501 U.S. 722, 749 (1991).  Absent such a showing, the petition will be dismissed because the procedural default doctrine bars federal habeas review. Petitioner is notified that the failure to file a timely response to the show cause order entered herein may result in the petition being dismissed without further prior notice.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is directed to show cause within twenty (20) days of this order why the petition should not be dismissed based upon petitioner's procedural default in presenting his claims to the state courts.

**IT IS SO ORDERED.**

DATED:  This 14th day of November 2012 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] *See Schlup v. Delo*, 513 U.S. 298, 321 (1995)(fundamental miscarriage of justice standard requires petitioner to make threshold showing of actual innocence).